JUDGE PATTERSON

14 CV 793

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARIA MORALES,

                Plaintiff,

      -against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and POLICE OFFICER DARNELL FORRESTER, Shield No. 24294, Individually and in his Official Capacity,

                Defendants.

------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff MARIA MORALES, by her attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff MARIA MORALES is a Hispanic female and has been at all relevant times a resident of the City and State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. At all times hereinafter mentioned, the individually named defendant P.O. DARNELL FORRESTER was a duly sworn police officer of said department and as acting under the supervision of said department and according to his official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about November 11, 2012, at approximately 11:00 p.m., plaintiff MARIA MORALES was lawfully present in the vicinity of 800 Soundview Avenue, Bronx, New York.

14. At the aforesaid time and place, plaintiff MARIA MORALES, exited her apartment building and saw a neighbor was being arrested.

15. Plaintiff tried to comfort the neighbors elderly mother and young daughter who were also in the vicinity of 800 Soundview Avenue, Bronx, New York by taking them across the street.

16. Shortly thereafter, defendants placed plaintiff under arrest for the first time in her life, handcuffing her arms tightly behind her back, and transported her to a nearby precinct, despite the fact that there was no evidence of criminal activity.

17. Plaintiff was charged with Disorderly Conduct.

18. At no time on November 11, 2012, did plaintiff MARIA MORALES behave disorderly or unlawful in anyway.

19. At no time on or about November 11, 2012, did defendants possess probable cause to arrest plaintiff.

20. At no time on November 11, 2012, did defendant officers possess information that would lead a reasonable officer to believe plaintiff MARIA MORALES had engaged in any criminal or unlawful activity whatsoever.

21. In connection with plaintiff's arrest, defendants filed false and misleading information to the District Attorneys Office stating in sum and substance that plaintiff stuck her head into the police vehicle where a separately apprehended individual was placed under arrest and plaintiff refused to step away from the vehicle.

22. As a result of her unlawful arrest, plaintiff MARIA MORALES spent approximately twenty-four (24) hours in custody until all charges against her were dismissed on November 12, 2012.

23. As a result of the foregoing, plaintiff MARIA MORALES sustained, *inter alia*, emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of her constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

25. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

26. All of the aforementioned acts deprived plaintiff MARIA MORALES of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

32. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants misrepresented and falsified evidence before the District Attorney.

35. Defendants did not make a complete and full statement of facts to the District Attorney.

36. Defendants withheld exculpatory evidence from the District Attorney.

37. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff MARIA MORALES.

38. Defendants lacked probable cause to initiate criminal proceedings against plaintiff MARIA MORALES.

39. Defendants acted with malice in initiating criminal proceedings against plaintiff MARIA MORALES.

40. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff MARIA MORALES.

41. Defendants lacked probable cause to continue criminal proceedings against plaintiff MARIA MORALES.

42. Defendants acted with malice in continuing criminal proceedings against plaintiff MARIA MORALES.

43. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

44. Specifically, defendants falsely and knowingly alleged, *inter alia*, that they witnessed plaintiff stick her head into a police vehicle and that plaintiff refused to step away from the vehicle.

45. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff MARIA MORALES's favor on or about November 12, 2012 when the charges against her were dismissed.

46. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "46" as if the same were more fully set forth at length herein.

48. Defendants created false evidence against plaintiff MARIA MORALES.

49. Specifically, defendants falsely and knowingly alleged, *inter alia*, that they witnessed plaintiff stick her head into a police vehicle and that plaintiff refused to step away from the vehicle.

50. Defendants forwarded false evidence and false information to prosecutors in the District Attorney's office.

51. Defendants misled the prosecutors by creating false evidence against plaintiff MARIA MORALES and thereafter providing false testimony throughout the criminal proceedings.

52. In creating false evidence against plaintiff MARIA MORALES, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Sixth Amendment and Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

53. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FIFTHa CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

56. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   i. maintaining an "activity" quota mandating officers make a minimum number of arrests, issue a minimum number of summonses, and conduct a minimum number of "stop and frisks" on a monthly basis with deliberate indifference to training and supervising officers to ensure such actions are supported by the requisite cause or suspicion mandated by the Constitution;

   ii. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics and satisfy said quota; and

   iii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

57. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

58. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

59. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

60. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

61. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff MARIA MORALES's constitutional rights.

62. The acts complained of deprived plaintiff of her rights:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. To be free from unlawful search;

   D. Not to have summary punishment imposed upon him; and

   E. To receive equal protection under the law.

63. As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**PENDANT STATE CLAIMS**

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. On or about December 4, 2012 and within (90) days after the claim herein accrued, the plaintiffs duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

66. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

67. Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and a hearing took place on January 30, 2013.

68. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

69. Plaintiff has complied with all conditions precedent to maintaining the instant action.

70. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## ASSAULT

71. Plaintiff repeats, reiterate and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

73. As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## BATTERY

74. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. Defendant police officers touched plaintiff MARIA MORALES in a harmful and offensive manner.

76. Defendant police officers did so without privilege or consent from plaintiff.

77. As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE ARREST

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Defendant police officers arrested plaintiff MARIA MORALES in the absence of probable cause and without a warrant.

80. As a result of the aforesaid conduct by defendants, plaintiff MARIA MORALES was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings. The aforesaid actions by the defendants constituted a deprivation of the plaintiff's rights.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE IMPRISONMENT

81. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. As a result of the foregoing, plaintiff MARIA MORALES was falsely imprisoned, her liberty was restricted for an extended period of time, she was put in fear for her safety, and humiliated and subjected to handcuffing and other physical restraints.

83. Plaintiff was conscious of said confinement and did not consent to same.

84. The confinement of plaintiff was without probable cause and was not otherwise privileged.

85. As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

86. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

87. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

88. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

89. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

90. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

91. As a result of the aforementioned conduct, plaintiff suffered severe emotional distress and physical and mental injury together with embarrassment, humiliation, shock, fright and loss of freedom.

## SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## MALICIOUS PROSECUTION

92. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. On November 11, 2012, defendants commenced a criminal proceeding against plaintiff MARIA MORALES.

94. Defendants lacked probable cause to commence said criminal proceeding against plaintiff MARIA MORALES.

95. Defendants were motivated by actual malice in commencing said criminal proceeding against plaintiff MARIA MORALES.

96. Plaintiff was forced to make an appearance in Criminal Court to defend herself against the unlawful prosecution initiated by defendants.

97. On November 12, 2012, the criminal prosecution against plaintiff MARIA MORALES was terminated in her favor when the charges against her were dismissed.

98. As a result of the aforementioned conduct, plaintiff suffered mental and physical injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

99. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100. Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

101. Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

102. Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
February 6, 2014

BY: /s/
GERALD COHEN
JOSHUA FITCH
COHEN & FITCH LLP
Attorneys for Plaintiff
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
gcohen@cohenfitch.com
jfitch@cohenfitch.com

INDEX NO.

YEAR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIA MORALES,

                                       Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT and POLICE OFFICER DARNELL
FORRESTER, Shield No. 24294, Individually and in his
Official Capacity,

,

                                       Defendants.

---

## SUMMONS AND COMPLAINT

---

### COHEN & FITCH LLP
*Attorney for* Plaintiffs
*Office and Post Office Address, Telephone*
233 Broadway - Suite 1800
New York, New York 10279
(212) 374-9115

---

Signature (Rule 130-1.1a)

---

Print Name Beneath

To
Attorney(s) for Defendants

---

Service of a copy of the within is hereby admitted.          Dated

Attorney(s) for

---

PLEASE TAKE NOTICE

☐    **NOTICE OF ENTRY**

     that the within is a (certified) true copy of a
     duly entered in the office of the clerk of the within named court on         20

☐    **NOTICE OF SETTLEMENT**

     that an order                                      of which the within is a true copy
     will be presented for settlement to the HON.          one of the judges of the
     within named Court, at
     on                          20                at

Dated,                                                                             Yours, etc.